COMMONWEALTH *vs*. JOHN A. SHEA.

Middlesex.   November 16, 1903. — February 25, 1904.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & BRALEY, JJ.

*Intoxicating Liquors.   Carrier.*

Under R. L. c. 100, § 50, an expressman who brings intoxicating liquors into a no license city or town, is liable to prosecution, if he transports the liquors to the place of actual delivery without first having entered in the book required by the statute the date of the reception of the liquors by him and a transcript of the marks required by § 49 of the same chapter.

COMPLAINT, received and sworn to on May 25, 1903, against an expressman under R. L. c. 100, § 50, for illegally transporting intoxicating liquors into the city of Everett, a no license city.

At the trial in the Superior Court before *Aiken*, J., the case was presented upon an agreed statement of facts, by which it was agreed, that on May 23, 1903, the defendant was conducting a general express business between Boston and Everett; that on that day he had received as expressman forty packages containing intoxicating liquors to be delivered to various persons in Everett; that all of the packages had been tagged properly as required by the statute; that thirty-seven of the packages had been entered in a book kept by the defendant for that purpose in the form required by the statute; that three packages had not been entered in the book, through a mistake, as alleged by the defendant; that the several persons named on the packages had bought the liquors contained in those packages of various liquor dealers in Boston; that the defendant brought the liquors into Everett, a no license city, and a police officer of Everett looked at the various packages on the defendant's team, and at the defendant's book, and told the defendant that these three packages were not on the book and should be there; that the defendant said he knew they should be on the book and he thought they were there; that after this notice by the police officer, the defendant took from his team one of the three packages, addressed to P. McMahon, without having entered it in his book, and without taking his book with him, and was on the

sidewalk near the gate leading to McMahon's place when he was stopped by the police officer and arrested for violation of R. L. c. 100, § 50; and that none of the packages containing liquors which had not been entered upon his book had been delivered.

The defendant asked the court to rule, that on the agreed facts there had not been any violation of law, as the defendant had not made a delivery of liquors to any one whose name did not appear upon his book, that the defendant had the right at any time, up to the time of absolute delivery of the liquor to the person whose name was upon the tag attached to the parcel, to make an entry in his book in conformity with law and have the consignee or owner receipt for the parcel, and that the jury should return a verdict for the defendant.

The judge refused to make this ruling, and instructed the jury that upon the evidence set out in the agreed statement of facts they would be warranted in finding the defendant guilty. The jury returned a verdict of guilty; and the defendant alleged exceptions.

*H. D. Gove & J. M. Gove,* for the defendant.

*G. A. Sanderson,* District Attorney, for the Commonwealth.

BARKER, J.   The question for decision is whether an express-man who has brought intoxicating liquors into a town or city which grants no licenses violates the provisions of R. L. c. 100, § 50, by carrying the liquors to the actual place of delivery without having first made any entry concerning them in the book which he is required by that section to keep.

The section is a continuation of the provisions of St. 1897, c. 271, § 2, which was an act to further regulate the transportation of such liquors into no license cities and towns.   That statute was considered in the case of *Commonwealth* v. *Intoxicating Liquors,* 172 Mass. 311, where it is said that the act was "only one of the many statutes which indicate that the policy of the Commonwealth is to require that the traffic in liquors in this State shall be open, so that every step shall be exposed to the scrutiny of the authorities, and that the violation of the law may be the more easily detected."   The book is to be at all times open to the inspection of the proper authorities.   The expressman is not only to keep the book but is to "plainly

enter therein the date of the reception . . . of each vessel or package . . . received for transportation, and a correct transcript of the marks " as well as the date of delivery. Considering the purpose of the provision, to expose every step of the transaction to the scrutiny of the authorities, we are of opinion that it is a violation of the section for an expressman who brings liquors into such a city or town, to transport them therein to the place for actual delivery without first having entered in the book the date of the reception of the liquors by him and the marks showing the names and addresses both of the seller or consignor and of the purchaser or consignee.

*Exceptions overruled.*