### COMMONWEALTH *vs.* JOSEPH FOSTELLO.

Norfolk.    January 16, 1911. — February 28, 1911.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & RUGG, JJ.

*Intoxicating Liquors.    Carrier, Of goods.*

Under R. L. c. 100, § 50, requiring that every person conducting a general express business and receiving spirituous or intoxicating liquors for delivery in a city or town where licenses of the first five classes are not granted " shall keep a book, and plainly enter therein " the date of the reception of each package of such liquor and other matters, and that " said book shall at all times be open to the inspection of " certain officers, the book must accompany the liquors and be in the possession of the person transporting them with the entries required at each stage of their transportation from their receipt to their delivery.

MORTON, J.    This was a complaint in the District Court of East Norfolk against the defendant for an alleged violation of R. L. c. 100, § 50.* The defendant was found guilty and ap-

---

* This section is as follows : " Every railroad corporation and every person or corporation regularly and lawfully conducting a general express business, receiving spirituous or intoxicating liquor for delivery, or actually delivering intoxicating liquor to any person or place in a city or town described in the preceding section, [in which licenses of the first five classes are not granted,] shall keep a book, and plainly enter therein the date of the reception by it or him of each vessel or package of such liquor received for transportation, and a correct transcript of the marks provided for by said section, and the date of its delivery by it or him, and the name of the person to whom it was delivered shall be signed to the same as a receipt; and said book shall at all times be open to the inspection of the officers named in section twenty-seven. . . ."

pealed.   In the Superior Court the case was submitted to the jury on agreed facts.   There was a verdict of guilty, and the case is here on the defendant's exceptions to the refusal of the presiding judge * to make certain rulings and to give certain instructions that were requested.

At the time of the alleged offense the defendant was and had been for a long time conducting a general express business between Boston and Quincy, under R. L. c. 100, §§ 49, 50.   Licenses of the first five classes were not granted in Quincy.   The defendant had a permit from the licensing board of Quincy, for the transportation of intoxicating liquors into and in Quincy.   On the day named in the complaint a police officer in Quincy stopped the defendant's team and examined the merchandise upon the defendant's wagon.   The wagon contained amongst other general merchandise certain vessels and packages containing intoxicating liquors which had been received by the defendant for delivery in Quincy.   The vessels and packages were all plainly and legibly marked on the outside in the manner required by law.   At the time when stopped the defendant was on his way to his general depot in Quincy, where the vessels and packages and the other merchandise were to be unloaded and deposited and then distributed in the ordinary course of business by the defendant's agents and delivery wagons to the persons to whom and the places at which they were consigned according to the markings on the outside.   The officer requested the defendant to produce the book required to be kept pursuant to the provisions of R. L. c. 100, § 50.   The defendant did not have with him such a book for the reason that he was on his way to his general depot where the entries required were to be made in a book kept for that purpose before actual delivery of the vessels and packages to the parties to whom they were consigned, and he was, therefore, unable to produce it.

The defendant contends in effect that it was not necessary that he should have the book with him if he was on his way with the vessels and packages to his general depot in Quincy and did not then intend to deliver said vessels and packages to the persons to whom they were consigned, nor to deliver them until

---

* *Hitchcock, J.*

after entries of the vessels and packages had been made in a book kept by him for that purpose at his general depot.   In other words, he contends in substance that it would have been sufficient if at some time before actual delivery the vessels and packages had been entered, according to their marks, by him in a book kept for that purpose, which the defendant or his agent would have with him at the time of delivery, and in which the vessels or packages would be receipted for by the persons to whom they were delivered.

It is no doubt possible to give to the statute, without doing great violence to it, the construction for which the defendant contends.   But the statute provides that a book shall be kept which " shall at all times be open to the inspection of the officers named in section twenty-seven."   The plain implication of this is, it seems to us, that the book shall accompany the liquors and be in the possession of the party transporting them, with the entries required, at each stage of the transportation from their receipt to their delivery.   And we think that the statute must be so construed. As was said by Hammond, J., in *Commonwealth* v. *Intoxicating Liquors*, 172 Mass. 311, 315, " The act was manifestly intended to meet some difficulties which had been encountered by the government in the prosecution of common carriers for illegal keeping of intoxicating liquors, and to make it more difficult for the guilty to escape detection when setting up the fraudulent defense that the liquors found in the possession of the carrier were for delivery by him as such to some person."   See also *Commonwealth* v. *Shea,* 185 Mass. 89.   The construction contended for by the defendant would add to the opportunity for unlawful delivery on the part of those so disposed instead of rendering it more difficult to violate the law.   The fact that in this case the defendant had no fraudulent purpose cannot affect the result.   If this construction of the statute seems to impose an undue burden upon persons and corporations engaged in a general express business, it is for the Legislature to devise a remedy.

*Exceptions overruled.*

The case was submitted on briefs.

*T. H. Buttimer*, for the defendant.

*A. F. Barker*, District Attorney, for the Commonwealth.